UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALFRED N. DeRUSHA,**

        **Plaintiff,**

                                  Case No.     02-73030

v.

                                  HONORABLE DENISE PAGE HOOD

**DETROIT JEWISH NEWS AND STYLE**
**MAGAZINE and ARTHUR HORWITZ,**

        **Defendants.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated February 15, 2006. No objections were filed.

**II.    FACTS AND PROCEDURAL HISTORY**

The Court adopts the facts set forth in the Report and Recommendation.

Following the Sixth Circuit Court of Appeals' June 7, 2005 Order affirming the District Court's dismissal of Plaintiff's remaining claims, religious discrimination and retaliatory firing against Defendant Detroit Jewish News and Style Magazine, Defendants filed a Bill of Costs. (Docket No. 18, June 8, 2005). The Bill of Costs seeks taxation for deposition costs of $1,475.60, witness fees of $89.95 and copying fees of $229.25, totaling $1,794.80.

Defendants also filed a Motion for Attorney Fees requesting fees in the amount of $54,234.20. (Docket No. 19, filed June 8, 2005). On June 22, 2005, Plaintiff filed a Response to Defendants' Motion for Attorney Fees. On June 24, 2005, Defendants filed an amended Bill of Costs, seeking taxation for costs in the same amount as the prior Bill of Costs, $1,794.80, but also

attaching invoicing information. (Docket No. 22, June 24, 2005).

On July 5, 2005, costs in the amount of $1,420.60 for court reporter fees were taxed against Plaintiff. (Docket No. 23, July 5, 2005). On December 8, 2006, a hearing was held before Magistrate Judge Komives.

## III.   STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved the right to appeal the Magistrate Judge's recommendation, the parties were obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 721(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## IV.   APPLICABLE LAW AND ANALYSIS

### A.   Costs

Magistrate Judge Komives concluded that the Court should require Plaintiff to reimburse Defendants for costs in the amount of $1,420.60 pursuant to Fed. R. Civ. P. 54(d)(1). (R&R at 9 - 11). Magistrate Judge Komives construed Plaintiff's Response to Defendants' Motion for an Award of Attorney Fees as a motion for the Court to review the Clerk's July 5, 2005 action of taxing costs

in the amount of $1,420.60 against Plaintiff.[1] Magistrate Judge Komives properly found that reimbursement to Defendants is proper because (1) Plaintiff's June 22, 2005 filing, construed as an objection to the taxation, predates the July 5, 2005 taxation of costs, rather than objecting to the taxation within five days as provided for in Fed. R. Civ. P. 54(d)(1); and (2) "to the extent that the June 22, 2005 filing was meant to object to the original (June 8, 2005) bill of costs, it does not specifically address the costs sought by defendant's July 5, 2005 filing." (R&R at 10).

As Plaintiff did not properly or adequately object to the Taxed Bill of Costs, Plaintiff shall reimburse Defendants for costs in the amount of $1,420.60.

**B.     Attorney Fees**

Defendants request an award of attorney fees in the amount of $54,234.20 for costs deriving from the District Court action as well as proceedings in the Court of Appeals. In support of the Motion for Attorney Fees, Defendants argue that an award of attorney's fees is proper because Plaintiff pursued the matter after it was clear that his claims were without merit and attempted to raise new arguments on appeal. "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 417 (1978).

Magistrate Judge Komives properly found that this Court has the authority to award attorney fees pursuant to 42 U.S.C. § 2000e-5(k). (R&R at 11-12). Magistrate Judge Komives also correctly

---

[1] The Clerk taxed Plaintiff $1,420.60 in court reporter fees and did tax Plaintiff for Defendants' requested amounts of $89.95 in witness fees and $229.25 in copying fees. (Docket No. 23, July 5, 2005).

concluded that, pursuant to Fed. R. Civ. P. 54(d)(2)(B), Defendants' Motion is untimely with respect to attorney fees attributable to the trial court. Fed. R. Civ. P. 54(d)(2)(B) provides that a claim for attorneys' fees and related nontaxable expenses must be made by motion no later than fourteen (14) days after entry of judgment. In the instant case, Judge George E. Woods entered Judgment for Defendants on February 26, 2004.[2] (Docket No. 13, February 26, 2004). Defendants filed the Motion for Attorney Fees on June 8, 2005, which was untimely, as it was not within fourteen days of entry of judgment. Magistrate Judge Komives properly found that Defendants failed to seek an enlargement of time within the fourteen day period or demonstrate excusable neglect, which are the only grounds permitting a late filing. Fed. R. Civ. P. 54(d), 6(b)(2). Defendants' Motion for Attorney Fees relating to the trial court is DENIED.

Magistrate Judge Komives correctly found that this Court has jurisdiction to award appellate attorney fees pursuant to 42 U.S.C. § 2000e-5(k) and that Defendants timely filed the Motion for Attorney Fees relating to the appellate proceedings. 42 U.S.C. § 2000e-5(k); *Bugg v. Int'l Union of Allied Indus. Workers of America, Local 507 AFL-CIO*, 674 F.2d 595, 600 (7th Cir. 1982); *Smith v. Detroit Board of Educ.*, 728 F.2d 359 (6th Cir. 1984). Magistrate Judge Komives properly concluded that an evidentiary hearing in this matter is not necessary for the Court to adequately address the issues presented. *O'Bryan v. Saginaw County, Mich.*, 722 F.2d 313, 314 (6th Cir. 1983). The Court agrees with Magistrate Judge Komives that a review of the Sixth Circuit decision affirming the findings of the trial court establishes that an award of appellate attorneys' fees to Defendants in the instant case is not warranted. (R&R at 3-24). Specifically, the Sixth Circuit

---

[2] This case was originally assigned to the docket of District Court Judge George E. Woods and following his retirement, it was reassigned to District Court Judge Denise Page Hood.

4

affirmed the decision of the District Court finding that "Plaintiff failed to make out a cognizable claim under either theory [religious discrimination or retaliatory firing]". *DeRusha v. Detroit Jewish News and Style Magazine*, 132 Fed.Appx. 629, 630 (6th Cir. 2005). Magistrate Judge Komives also correctly reasoned that the Court of Appeals' decision in no way suggests that Plaintiff's claims were frivolous, unreasonable or without foundation. (R&R at 22). Addressing Defendants' argument that Plaintiff's appeal raises new arguments not raised in the trial court, the Court finds that, even assuming this as true, this does not entitle Defendants to an award of attorney fees. See *Christiansburg Garment Co.*, 434 U.S. at 417. The Court finds that Magistrate Judge Komives correctly found that Plaintiff's appeal was not frivolous, unreasonable or without foundation. Defendants Motion for appellate attorney's fees is DENIED.

Defendants also move for attorney fees based upon Fed. R. App. P. 38 ("Frivolous Appeal - Damages and Costs"), which provides "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.". (Defs.' Mot. at 1). Magistrate Judge Komives properly concluded that this Court does not have jurisdiction to award appellate attorney fees pursuant to Fed. R. App. P. 38, as "[s]uch a request should be posed to the Sixth Circuit." R&R at 24-25; *See Flip Side Prod., Inc. v. Jam Prod., Ltd.*, 843 F.2d 1024, 1037 (7th Cir. 1988) ("Under Rule 38 the district court is not empowered to award fees for proceedings before this court[.]"). Defendants' request for an award of appellate attorney fees pursuant to Fed. R. App. P. 38 is DENIED WITHOUT PREJUDICE to the request being filed with the Sixth Circuit.

Lastly, Magistrate Judge Komives correctly concluded that this Court should deny Plaintiff's request for attorney fees related to the instant motion. Plaintiff's request for attorney fees related

5

to the instant motion is DENIED.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives **[Docket No. 31, filed February 15, 2007]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Attorney Fees **[Docket No. 19, filed June 8, 2005]** is DENIED.

IT IS ORDERED that Plaintiff shall reimburse Defendants for costs in the amount of $1,420.60.

                                                  S/ DENISE PAGE HOOD
                                                  DENISE PAGE HOOD
                                                  United States District Judge

DATED: March 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2007, by electronic and/or ordinary mail.

                                                  S/William F. Lewis
                                                  Case Manager